TSUGAWA BIEHL LAU & MUZZI
A HAWAII LIMITED LIABILITY LAW COMPANY

CHRISTOPHER J. MUZZI (6939)
LEILA ROTHWELL SULLIVAN (7626)
1132 Bishop Street, Suite 2400
Honolulu, HI 96813
Telephone: (808) 531-0490, Facsimile (808) 534-0202
Email:     cmuzzi@hilaw.us, lrothwellsullivan@hilaw.us
Counsel for Plaintiff BMO HARRIS BANK N.A.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BMO HARRIS BANK N.A., a national banking association, | ) Case No. _____ <br> ) (Replevin/Damages) <br> ) |
| Plaintiff, | ) VERIFIED COMPLAINT; <br> ) VERIFICATION; EXHIBITS A |
| v. | ) – E; SUMMONS <br> ) |
| A & M TRUCKING, INC., a Hawaii corporation, and MARK D. KUHN, an individual resident and citizen of Hawaii, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## VERIFIED COMPLAINT

Plaintiff, BMO Harris Bank N.A., by its attorneys, complains of Defendants,

A & M Trucking, Inc. and Mark D. Kuhn, as follows:

## THE PARTIES

1.     Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), is a national banking

association with its main office, as set forth in its articles of association, located in

Chicago, Illinois.

1250149.2

2.      Defendant, A & M Trucking, Inc. ("Borrower"), is a limited liability company organized under the laws of the State of Hawai'i with its principal place of business located at 94-229 Waipahu Depot St. #508, Waipahu, Honolulu, Hawai'i.

3.      Defendant, Mark D. Kuhn ("Guarantor," and together with Borrower, the "Defendants"), is an individual citizen of the State of Hawai'i residing at 91-1042 Kaiapua St., Ewa Beach, Honolulu, Hawai'i.

## JURISDICTION AND VENUE

4.      The parties are of diverse citizenship.

5.      The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7.      One or more of the Defendants resides within that geographical area known as the District of Hawaii.  Further, the events that gave rise to the causes of action alleged in this complaint occurred in said District, and the equipment sought to be recovered in this lawsuit is based within said District.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

9.      On or about April 22, 2016, Plaintiff and Borrower entered into Loan and Security Agreement No. 7986815-002 (together with all amendments,

1250149.2

modifications, and extensions thereto, the "First Agreement"), whereby Plaintiff agreed to finance Borrower's purchase of the equipment described therein for use in Borrower's business (together will all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto, the "First Agreement Collateral"), and Borrower agreed to pay Plaintiff $847,890.96, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the First Agreement is attached hereto as "Exhibit A."

10.    On or about May 9, 2016, Plaintiff and Borrower entered into Loan and Security Agreement No. 7986815-003 (together with all amendments, modifications, and extensions thereto, the "Second Agreement," and together with the First Agreement, the "Agreements"), whereby Plaintiff agreed to finance Borrower's purchase of the equipment described therein for use in Borrower's business (together will all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto, the "Second Agreement Collateral," and together with the First Agreement Collateral, the "Collateral"), and Borrower agreed to pay Plaintiff $282,221.52, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Second Agreement is attached hereto as "Exhibit B."

11.    In consideration for entering into the Agreements, Borrower granted Plaintiff a first-priority security interest in the Collateral.  In summary, the Collateral consists of the following equipment:

| Year | Make/Model/Desc. | VIN |
|------|------------------|-----|
| 2017 | Volvo Super Dump Truck | 4V5KC9DG9HN976675 |
| 2017 | Volvo Super Dump Truck | 4V5KC9DG4HN976678 |
| 2017 | Volvo Super Dump Truck | 4V5KC9DG2HN976680 |
| 2017 | Volvo Super Dump Truck | 4V5KC9DG6HN976679 |

12.    Plaintiff perfected its security interest in the Collateral by recording its lien on the Certificates of Title.  True and correct copies of the Certificates of Title for the Collateral are attached hereto as "Exhibit C."

13.    To induce Plaintiff to enter into the Agreements, Guarantor guaranteed the full and timely performance of Borrower under all of its past, present, and future obligations and liabilities to Plaintiff, including but not limited to Borrower's performance under the Agreements (the "Guaranty").  True and correct copies of the Continuing Guaranties dated April 22, 2016 and May 9, 2016 executed by Guarantor in favor of Plaintiff evidencing the Guaranty are attached hereto as Exhibit D.

14.    Under the terms and conditions of the Agreements, failure to make a payment when due is considered an event of default.

15.    Borrower is in default under the Agreements for its failure to pay the amounts due thereunder.  More specifically, Borrower failed to make the October 1, 2017 payment due under the First Agreement and the November 9, 2017 payment due under the Second Agreement.  Borrower's defaults under the Agreements are continuing.

16.    Guarantor is in default under the Agreements and the Guaranty for his failure to pay the amounts due under the Agreements when such amounts became due.

17.    Pursuant to the terms of the Agreements, the entire amounts due thereunder have been accelerated.  As of the respective dates of default, the principal amount due and owing after acceleration totals not less than $751,134.56.

18.    Under the Agreements, Borrower is obligated to pay interest on all unpaid amounts at the default interest rate of eighteen percent (18%) per annum or the maximum rate not prohibited by applicable law.

19.    Under the Agreements, Borrower is obligated to pay late charges and other fees due under the Agreements.

20.    Under the Agreements, upon default, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

21.   Under the Agreements, Borrower is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

22.   Under the Guaranty, Guarantor is obligated to pay all amounts due and owing under the Agreements without limitation.

23.   Calculated as of November 24, 2017, the amount due and owing under the Agreements, not including attorneys' fees and expenses or costs of collection, is an amount not less than $773,077.59.

24.   Plaintiff notified Defendants of their defaults and made demand for payment under the Agreements and for possession of the Collateral.

25.   By letters dated November 29, 2017, Plaintiff again notified Borrower and Guarantor of their defaults under the Agreements and the Guaranty and made demand upon them in writing to pay the amounts due thereunder and surrender the Collateral.  True and correct copies of the letters dated November 29, 2017 are attached hereto as Exhibit E.

26.   Despite demand, Defendants have failed and refused to pay the amount due and owing under the Agreements.

27.   Despite demand, Defendants have failed and refused to surrender possession of the Collateral to Plaintiff.

28.    Under the Agreements Plaintiff has the right to, with or without demand or notice, enter any premises where the Collateral may be and take possession of and remove the Collateral from the premises.

29.    The Agreement expressly provides that Plaintiff and Borrower unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

30.    Plaintiff and its predecessors-in-interest have performed any and all conditions and obligations required of them under the Agreement.

## COUNT I – Injunctive Relief

31.    Plaintiff incorporates and realleges all preceding paragraphs in this Count I.

32.    Borrower continues to possess and utilize, or are capable of utilizing, the Collateral for commercial purposes.

33.    On any given day the Collateral is located, or is capable of being located, in diverse places throughout O'ahu, and perhaps beyond.

34.    Based upon the best knowledge, information, and belief of Plaintiff, the Collateral is in use at multiple work-sites or yards, the exact locations of which are unknown, and some units of the Collateral may be mobile at any given time.

1250149.2

35.     The Collateral depreciates and deteriorates as a result of its continued use by Borrower, with no commensurate value being conferred to Plaintiff in the form of payments due and owing from Borrower.

36.     Borrower has or should have in place capabilities to identify, locate, and surrender the Collateral, which capabilities may now be breaking down.

37.     Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless Borrower and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Collateral; (b) ordered to advise Plaintiff of the location of the Collateral; and (c) ordered to surrender the Collateral to Plaintiff.

WHEREFORE, Plaintiff prays that:

a.      Borrower and other persons and firms having knowledge of the injunction be temporarily, preliminarily, and permanently enjoined from using the Collateral as of the date of entry of the injunction order;

b.      Borrower be ordered to disclose to Plaintiff the precise location of the Collateral in order for Plaintiff to reclaim it;

c.      Borrower be temporarily, preliminarily, and permanently enjoined from restricting access of Plaintiff to the Collateral;

d.      Plaintiff be awarded a judgment against Borrower for any damages sustained by Plaintiff;

e.    Plaintiff be awarded its costs, attorneys' fees, and interest on all unpaid amounts due and owing; and

f.    Plaintiff be granted such other and further relief as shall be just and equitable.

## COUNT II – Specific Performance

38.    Plaintiff incorporates and realleges all preceding paragraphs in this Count II.

39.    In the event of default by Borrower under the Agreements, Borrower is obligated to return the Collateral at its expense and to any location that Plaintiff directs.

40.    In the event of default by Borrower under the Agreements, Plaintiff is entitled to take possession of the Collateral or direct Borrower to remove it to a place deemed convenient by Plaintiff.

41.    In the event of default by Borrower under the Agreements, Plaintiff is entitled to repossess and remove the Collateral, wherever located.

42.    Plaintiff has performed its obligations under the Agreements, and is ready, willing, and able to perform under the Agreements.

43.    Despite demand by Plaintiff, Borrower has failed to return the Collateral.

WHEREFORE, Plaintiff prays that:

a.      Judgment be entered in Plaintiff's favor and against Borrower directing Borrower to specifically perform their respective obligations under the Agreements, and to return and allow the removal of the Collateral;

b.      Plaintiff be awarded a judgment against Borrower for any damages sustained by Plaintiff;

c.      Plaintiff be awarded its costs, attorneys' fees, and interest on all unpaid amounts due and owing; and

d.      Plaintiff be granted such other and further relief as shall be just and equitable.

### COUNT III – Replevin/Writ of Possession

44.     Plaintiff incorporates and realleges all preceding paragraphs in this Count III.

45.     This claim is brought pursuant to Rule 64 of the Federal Rules of Civil Procedure and HI Rev Stat § 654-1 (2013).

46.     Pursuant to the Agreements, upon Borrower's default thereunder, Plaintiff is lawfully entitled to possession of the Collateral. The Collateral consists of a four (4) 2017 model year Volvo Super Dump Trucks, together will all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto.

47. Solely for the purpose of setting an appropriate bond and not as an admission of value, Plaintiff estimates the fair market value of the Collateral as approximately $587,500.

48. The Collateral has not been taken for a tax, assessment, or fine pursuant to a statute, or seized under an execution or an attachment against the Plaintiff or the Plaintiff's property.

49. The Collateral is wrongfully detained by Borrower.

50. According to the best belief of Plaintiff, no other party claims an interest in the Collateral. All persons having or claiming an interest in the personal property have been named as defendants in this action.

51. Based upon the best knowledge, information, and belief of Plaintiff, the Collateral is based out of a Borrower' location at 94-229 Waipahu Depot St. #508, Waipahu, Honolulu, Hawai'i, but it unlikely to be at such location at any given time.

52. Given Borrower's possession of the Collateral, it is within the power of Borrower to conceal, waste, encumber, convert, convey, or remove the Collateral from the jurisdiction of the Court, or Plaintiff's post-judgment remedy would be otherwise inadequate.

53. Plaintiff claims the value of the Collateral not delivered to the officer by virtue of the enforcement of a writ of possession.

WHEREFORE, Plaintiff requests that:

     a.     An order granting the issuance of writs of possession be entered in favor of Plaintiff granting Plaintiff possession of the Collateral;

     b.     Plaintiff be awarded a judgment against Borrower for the value of the Collateral if not delivered;

     c.     Plaintiff be awarded a judgment against Borrower for damages for detention;

     d.     Plaintiff be awarded its costs, attorneys' fees, and interest on all unpaid amounts due and owing; and

     e.     Plaintiff be granted such other and further relief as shall be just and equitable.

### COUNT IV - Breach of Contract (Borrower)

54.     Plaintiff incorporates and realleges all preceding paragraphs in this Count IV.

55.     Plaintiff has performed all terms and conditions of the Agreements to be performed by Plaintiff.

56.     Borrower has not performed under the Agreements on Borrower's part by, among other reasons, failing to make payments under the Agreements when those payments became due.

57.   Under the Agreements, Plaintiff is entitled to contractual money damages from Borrower as provided therein.

58.   The Agreements provides that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Borrower in the amount due under the Agreements, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

## COUNT V - Breach of Contract (Guarantor)

59.   Plaintiff incorporates and realleges all preceding paragraphs in this Count V.

60.   Plaintiff has performed all terms and conditions of the Agreements and the Guaranty to be performed by Plaintiff.

61.   Guarantor has not performed under the Agreements and the Guaranty on Guarantor's part by, among other reasons, failing to make payments under the Agreements when those payments became due.

62.   Under the Agreements and the Guaranty, Plaintiff is entitled to contractual money damages from Guarantor as provided therein.

1250149.2

63.    The Agreements and the Guaranty provide that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Guarantor in the amount due under the Agreements and the Guaranty, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

Dated:  December 18, 2017

/s/*Christopher J. Muzzi*
Christopher J. Muzzi
*Attorney for Plaintiff*
*BMO Harris Bank N.A.*